IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DENNIS WINDSOR,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-934-L** |
| | § | |
| **JEFF OLSON and NERIUM INTERNATIONAL, LLC,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiff's Originally Agreed, and Now Opposed, Motion for Leave to File Plaintiff's Fourth Amended Original Complaint and Memorandum of Law in Support (Doc. 101), filed January 11, 2019; Defendants' Response to Plaintiff's Motion for Leave to File Plaintiff's Fourth Amended Complaint and Brief in Support (Doc. 119), filed February 1, 2019; Plaintiff's Opposed Motion for Continuance to Respond to Motion for Partial Summary Judgment on Copyright Issues, or Alternatively, Motion for Extension of Time to Respond to Defendants' Motion for Partial Summary Judgment on Plaintiff's Copyright Claims (Doc. 125), filed February 7, 2019; Defendants' Response to Plaintiff's Opposed Motion for Continuance and Motion for Extension of Time to Respond to Defendants' Motion for Partial Summary Judgment (Doc. 132), filed February 11, 2019; Plaintiff's Motion for [L]eave to File Sur-reply to Defendant Nerium's Reply Brief in Support of Partial Summary Judgment (Doc. 137), filed March 8, 2019; and Defendants' Response to Plaintiff's Motion to File Sur-reply to Defendants' Reply Brief in Support of Partial Summary Judgment (Doc. 140), filed March 29, 2019.

After reviewing the motions, responses, record, and applicable authority, the court **denies** Plaintiff's Originally Agreed, and Now Opposed, Motion for Leave to File Plaintiff's Fourth

**Memorandum Opinion and Order – Page 1**

Amended Original Complaint and Memorandum of Law in Support (Doc. 101); Plaintiff's Opposed Motion for Continuance to Respond to Motion for Partial Summary Judgment on Copyright Issues, or Alternatively, Motion for Extension of Time to Respond to Defendants' Motion for Partial Summary Judgment on Plaintiff's Copyright Claims (Doc. 125); and Plaintiff's Motion for [L]eave to File Sur-reply to Defendant Nerium's Reply Brief in Support of Partial Summary Judgment (Doc. 137).

**I.    Motion for Leave to File Fourth Amended Complaint**

On January 11, 2019, Dennis Windsor ("Plaintiff" or "Windsor") filed a motion for leave to file a fourth amended complaint pursuant to Federal Rule of Civil Procedure Rule 15 ("Rule 15"). Plaintiff seeks leave to amend his Third Amended Complaint ("Third Amended Complaint"), filed July 27, 2016, as follows: (1) change Defendant's name from Nerium International, LLC to "Neora"; (2) "correct errors in the factual allegations [that] have come to light during the discovery process"; and (3) remove seven of Plaintiff's Copyrighted Works from Plaintiff's Copyrighted Infringement Claim "because, as of the date of this filing, Plaintiff has not received formal registration of these works from the US Copyright Office,"; and (4) add a new copyrighted work to Plaintiff's copyright infringement claim that was "timely disclosed to the Defendants on January 31, 2018, but which was inadvertently omitted from Plaintiff's prior Complaints." Doc. 101 at 1-2. Plaintiff contends that he consulted with Defendants about his intent to amend his complaint.[1] Plaintiff argues that the court should grant his motion "because the Defendants cannot show

---

[1] The parties dispute the nature and effect of communications their respective counsel had regarding Plaintiff's intent to seek this amendment, as revealed by the title of Plaintiff's motion. For the reasons set forth in this opinion, the court need not resolve any factual dispute over these communications because they are not relevant to the court's resolution of the motions. Plaintiff has further failed to demonstrate the relevance of these communications or that he reasonably relied on them in waiting to file certain motions with the court. The court is not persuaded by this line of argument and will not address any related arguments for purposes of resolving the three motions in this opinion.

prejudice, bad faith or unjust delay, and the requested amendment specifically narrows and/or reduces the number of issues to be determined by the fact finder at trial." Doc. 101 at 3.

Defendants argue that the applicable standard for Plaintiff's motion is Federal Rule of Civil Procedure 16 ("Rule 16") that governs modifications to a scheduling order—not the permissive amendment standard under Rule 15, as invoked by Plaintiff—because the deadline for moving to amend pleadings was December 19, 2016, pursuant to the court's scheduling order.[2] *See* Doc. 26, ¶ 2. Defendants cite authority establishing that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired, which requires the moving party to show good cause and obtain the judge's consent. Doc. 119 (quoting *S&W Enters., LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003)). Defendants contend that Plaintiff, by citing the wrong rule, has failed to make argument pursuant to the applicable standard for the court to determine whether the motion should be granted. Defendants further argue that, on the merits, neither Plaintiff's motion nor the record satisfies the Rule 16 factors, which include: (1) the explanation for failure to timely meet the deadlines; (2) the importance of the request to modify the deadlines; (3) the potential prejudice in allowing the modification to the deadlines; and (4) the availability of a continuance to cure such prejudice. Doc. 119 at 8 (citing *S&W Enters.*, 315 F.3d at 536).

Defendants further note that the court, in its First Amended Scheduling Order, called attention to the fact that this action would be three years old on April 6, 2019, and, therefore, the court would not issue further continuances of the trial date. Defendants contend that Plaintiff could have sought an extension of the deadline to amend his pleadings when the parties made their joint

---

[2] Defendants reference the deadline for amending pleadings set forth in the Scheduling Order (Doc. 26) issued on September 19, 2016. The scheduling order was subsequently amended after the parties jointly requested an extension of deadlines for discovery, expert designations, motions to compel, dispositive motions, and other pretrial deadlines. Doc. 39. The parties **did not** seek to continue the deadline to amend pleadings, which had already passed by the time the parties filed the joint request. Defendants argue that the operative deadline for amending pleadings is, therefore, set by the original scheduling order. The court agrees.

**Memorandum Opinion and Order – Page 3**

request to continue the trial date and extend pretrial deadlines on May 2, 2018, but he failed to do so. Defendants contends that the circumstances are analogous to those in a recent opinion issued by this court in *Clapper v. Am. Realty Inv'rs, Inc.*, No. 3:14-CV-2970, 2019 WL 317118 (N.D. Tex. Jan. 23, 2019), wherein the court denied a motion for leave to amend expert-disclosure deadlines because, *inter alia*, the moving party had failed to request continuances of the expert designation deadlines *at the time, or shortly after,* it filed a joint request to extend other deadlines in the case, and instead waited eight months after the joint request to file the motion for leave. Defendants argue that Plaintiff's motion in this case is more dilatory than that filed in Clapper because "the discovery deadline here has already expired, the deadline for filing dispositive motions has passed, and motions for summary judgment (addressed to the parties' existing pleadings) have already been filed." Doc. 119 at 9. Defendants urge the court to consider that granting Plaintiff's motion "would wreak havoc" with the pretrial schedule in this case because, for example, "provision would have to be made for Defendants to pursue dispositive motions (motions to dismiss and then, if necessary, further motions for summary judgment) with respect to the amended pleadings[.]" Doc. 119 at 9.

The court agrees with Defendants that the applicable rule for Plaintiff's request is Rule 16(b), and Plaintiffs have neither shown good cause to modify the existing scheduling order as to deadline for amendment of pleadings nor satisfied the relevant factors that aid the court in exercising its discretion as to whether a modification is proper. Before the court can modify a scheduling order and grant leave to amend a pleading under Rule 15(a) of the Federal Rules of Civil Procedure, the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters.*, 315 F.3d at 536 ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause

standard requires the "party seeking relief to show that the deadlines [could not] reasonably [have been] met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id*. at 536. In deciding whether to allow an untimely amendment, a court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id*. at 536 (internal quotation marks, brackets, and citations omitted).

As noted by Defendants, this court has previously denied a party's motion to amend without further analysis on the basis that the party erroneously relied on Rule 15(a) when the applicable standard was Rule 16. *See GE Capital Commercial Inc. v. Wright & Wright, Inc.*, No. 3:09-CV-572-L, 2011 WL 13758, at *1 (N.D. Tex. Jan. 4, 2011). The court reasoned that the plaintiff failed to discuss the "good cause" standard under Rule 16 and, therefore, it was "unable to determine whether it should amend the current scheduling order" to allow for the amendment. *Id*. Here, Plaintiff's motion similarly fails to make his request pursuant to Rule 16, and, therefore, should be denied on that ground alone. *See Equal Employment Opportunity Comm'n v. Tim Shepherd, M.D., P.A.*, No. 3:17-CV-2569-L, 2019 WL 1493162 (N.D. Tex. Apr. 4, 2019).

Moreover, the court finds that the Rule 16 considerations weigh against allowing an amendment at this juncture of the proceedings. First, the court is not persuaded that Plaintiff has exercised due diligence in either meeting the deadline for amending pleadings or seeking leave from this court to obtain an extension. The operative deadline for making amendments to pleadings was December 19, 2016, as provided by the original scheduling order issued on September 19, 2016. Doc. 26, ¶ 2. On May 2, 2018, the parties made a joint request "to seek a continuance of the

trial date and certain pretrial deadlines, including the deadlines for expert disclosures, fact discovery, dispositive motions and other motions, and challenges to experts." Doc. 39 at 1. The joint request did not seek a continuance to allow for further amendments to pleadings. The court granted the joint request and set the trial for June 3, 2019, a discovery deadline of January 4, 2019, and a dispositive motion deadline of January 18, 2019, among other deadlines. Doc. 40. Plaintiff's motion to amend his pleadings, while brief, makes clear that on May 2, 2018, when the joint request for deadline extensions was made to the court, Windsor *was aware of the information that he now seeks to include in an amended pleading*, namely: his lack of formal copyright registrations in at least seven of the works alleged in the Third Amended Pleading (filed in January 2016) and his intent to assert a copyright claim related to an additional work that was "inadvertently omitted from [his] prior Complaints." Despite his awareness, Windsor counters that the information was "timely disclosed to Defendants on January 31, 2018." Doc. 101 at 2. Windsor plainly fails to explain in his motion why he did not seek an extension to amend his pleadings when the court was in a position to consider the effect of such an amendment on other deadlines under consideration at that time—in particular the discovery and dispositive motion deadlines. Plaintiff further fails to persuade the court that it should reward Plaintiff's admitted "inadvertence" in omitting one copyright registration from the operative complaint, at the expense and prejudice of Defendants, who have already filed a timely motion for summary judgment based on Plaintiff's now nearly three-year-old pleading.

Without explicitly referencing the applicable Rule 16(b) factor requiring a plaintiff to explain his or her failure to timely meet a deadline, Plaintiff contends that his request "was made in part due to unexpected delays in discovery due to a document retrieval issue and due to conflicting/pending trial schedules." Doc. 101. Plaintiff explains no further. Without any elaboration on how discovery—which concluded on January 4, 2019—affected Plaintiff's claims,

**Memorandum Opinion and Order – Page 6**

the court cannot ascertain that an amendment to the pleadings is warranted. The court, therefore, determines that Plaintiff has not adequately explained why he could not have amended his pleadings prior to the December 19, 2016 deadline had he exercised diligence in meeting the deadline to amend.

The court does, however, understand the importance of the amendment insofar as it seeks to add an additional copyrighted work to Plaintiff's infringement claim for which he contends that he has a copyright registration. In light of Plaintiff's admitted lack of diligence in including this claim in the Third Amended Complaint filed in 2016, and in light of the untimely request to add this work after the close of discovery and the filing of summary judgment motions, the court determines that the importance of the amendment is outweighed by other considerations that it must take into account under Rule 16(b).

The court also determines, for reasons previously mentioned, that Defendants would be prejudiced by allowing Plaintiff to amend at this stage. Defendants conducted discovery tailored to the works pleaded in the operative Third Amended Complaint and filed timely motions for summary judgment addressing those pleaded works. At this stage, with the trial set on June 3, 2019, in a three-year-old case, the court determines that Defendants will be significantly prejudiced by allowing Plaintiff to assert an additional copyrighted work not already pleaded. As the court has already made clear that "no further continuances of the trial date will be granted," it determines that a continuance is not warranted to cure such prejudice. Doc. 40 at 1. At this late stage, allowing the amendment would unnecessarily delay the resolution of this action to a time well beyond the current trial setting. Further, a district court has the inherent authority to control its docket and is not required to give "litigants a second chance to develop their case." *Reliance Ins. Co. v. Louisiana Land and Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (citation omitted).

Accordingly, the court determines that Plaintiff has failed to invoke the applicable standard for seeking leave to modify the scheduling order to amend his pleadings and, further, the circumstances of this case and three of the four factors weigh against such modification in light of Rule 16(b) considerations. For the reasons stated in this section, the court **denies** Plaintiff's Originally Agreed, and Now Opposed, Motion for Leave to File Plaintiff's Fourth Amended Original Complaint and Memorandum of Law in Support (Doc. 101).

## II. Motion for Extension of Time to Respond to Defendants' Motion for Partial Summary Judgment on Plaintiff's Copyright Claims

On February 7, 2019, Plaintiff filed a motion to continue his February 8, 2019 deadline to respond to Defendants' Motion for Partial Summary Judgment, which was filed on January 18, 2019. Plaintiff requests an extension only to respond to that part of Defendant's Motion for Partial Summary Judgment relating to Plaintiff's copyright claims. Windsor contends that he is awaiting a ruling on other motions in this case and requests thirty days following the court's ruling on those motions to file his response. Plaintiff contends that, during the course of discovery, Defendants made objections to various requests for production, which prompted Plaintiff to file a Motion to Compel Discovery Responses on January 11, 2019 (one week after the close of discovery). Plaintiff argues that:

> When these documents are produced, they will show that the Defendants have infringed Plaintiff's Copyrights and, at the very least, raise a fact issue as to ongoing infringement, which will defeat Defendant Nerium International, LLC Motion for Partial Summary Judgment on Plaintiff's Copyright claims. Plaintiff needs these documents to fully and adequate [sic] respond to, and to defeat, Defendant Nerium International, LLC Motion for Partial Summary Judgment on Plaintiff's Copyright Claims.

Doc. 125 at 6. Plaintiff contends that these documents "specifically relate to the remaining, and new, Copyright Claim,"[3] but he does not state the nature of these documents or reference them specifically, aside from referencing unspecified requests in Plaintiff's Second Request for Production. Windsor does not cite any legal authority for his request or invoke an applicable procedural rule.

Defendants respond that the request should be denied because Plaintiff failed to invoke or satisfy Federal Rule of Procedure Rule 56(d) ("Rule 56(d)"), which applies when a party seeks to continue summary judgment proceedings. Defendants contend that, to seek a request for an extension to respond to a summary judgment motion under Rule 56, Plaintiff is required to show by affidavit or declaration that, for specified reasons, he cannot present facts essential to justify his opposition to a summary judgment motion, and he is further required to set forth with specificity why the additional discovery was needed and how it would create a genuine dispute of material fact. Defendants contend that Plaintiff has done neither—and instead makes a vague and purely speculative assertion that unspecified documents will raise a fact issue as to ongoing infringement. Defendants further argue that Plaintiff has not diligently pursued the discovery he seeks as required for a party moving under Rule 56. Defendants contend that Plaintiff filed a motion to compel after the close of discovery, the expiration of expert deadlines, and after summary judgment briefing was due—without explaining the need for an eleventh-hour attempt to compel the "supposedly important documents." Doc. 132 at 6.

When seeking a continuance regarding a motion for summary judgment, Defendants correctly argue that the applicable rule is Rule 56(d). This rule provides as follows:

---

[3] Plaintiff presupposes that the court will grant his motion for leave to a file a fourth amended complaint to allege an additional copyrighted work; however, the court denied, as explained in the previous section of this opinion, the motion for leave.

**Memorandum Opinion and Order – Page 9**

(d) **When Facts Are Unavailable to the Nonmovant**. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
(1) defer considering the motion or deny it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

To obtain a continuance regarding a motion for summary judgment, the opposing party must file a motion, along with an affidavit or declaration, setting forth why the opposing party cannot present by affidavit or declaration facts necessary to justify the party's opposition to the summary judgment motion. *Id.*; *see also Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 719 (5th Cir. 1999). The party moving for the continuance must show why he needs the additional discovery and how the additional discovery will demonstrate that a genuine dispute of material fact exists. *Stults v. Conoco, Inc.*, 76 F.3d 651, 657-58 (5th Cir. 1996) (citation omitted). A party may not "rely on vague assertions that additional discovery will produce needed, but unspecified facts." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006) (citation and quotation marks omitted). Finally, the party requesting the additional discovery or extension must show that relevant discovery has been diligently pursued. *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992).

Plaintiff's motion attaches a sworn declaration by his counsel, Mr. Timothy S. Robinson, that mirrors the arguments set forth in his motion for continuance. Neither the motion nor declaration meets the level of specificity required by the Rule 56(d) standard. Plaintiff fails to identify specific documents requested in the Second Request for Production and demonstrate exactly how such documents will demonstrate that a genuine dispute of material fact exists as to his copyright claim. Plaintiff relies on a vague assertion that he needs certain documents that are the subject of Plaintiff's Motion to Compel Discovery Responses (Doc. 104), filed January 11,

2019; however, Plaintiff's Motion to Compel Discovery Responses was denied in relevant part on March 11, 2019, by United States Magistrate Judge David L. Horan ("Judge Horan") by electronic order (ECF Doc. 138). Judge Horan denied the motion to compel as to Plaintiff's Second Requests for Production (which are the subject of Plaintiff's motion for continuance) because:

> Windsor does not appear to have included these copyrights in his current live pleading (as opposed to his latest requested amended complaint) and, even if he had, Nerium has persuasively demonstrated that the requested discovery is not proportional to the needs of the case in light of the burden involved in locating and producing the requested information.

ECF Doc. 138. Judge Horan granted the motion to compel only insofar as it sought an internal spreadsheet and revenue report requested in Plaintiff's *First* Request for Production Nos. 38 and 39. Plaintiff's motion for a continuance does not contend that these specific documents are necessary to oppose Defendants' motion for summary judgment as to Plaintiff's copyright claim. Plaintiff, therefore, has failed to show that he is legally entitled to additional discovery and failed to specifically set forth how such discovery would demonstrate that a genuine dispute of material fact exists as to his copyright claims.

Plaintiff also does not adequately explain the dilatory nature of his motion, filed the day before his response to the summary judgment motion was due. The court, nonetheless, determines that the denial of this motion will not cause prejudice to Plaintiff because he filed a timely response that addresses the copyright claim. The court accordingly **denies** his Opposed Motion for Continuance to Respond to Motion for Partial Summary Judgment on Copyright Issues, or Alternatively, Motion for Extension of Time to Respond to Defendants' Motion for Partial Summary Judgment on Plaintiff's Copyright Claims.

## III. Plaintiff's Motion for Leave to File Surreply

Plaintiff argues that Defendants' reply brief in support of their motion for partial summary judgment raises new arguments and, therefore, exceptional circumstances exist that support allowing Plaintiff to file a surreply. Plaintiff specifically states:

> Defendants argue—for the first time—that Windsor abandoned the purported 2009 oral agreement as a basis for his breach-of-contract claim, and therefore, no oral contract is properly before the Court and Windsor's contract claim should be summarily denied. Similarly, Defendants have raised arguments relating to the Plaintiff's Supplementary Registrations affecting the Original Copyright Registrations as well as issues of authenticity for an Exhibit relied upon by Plaintiff in his Response to Defendant[s]' Motion for Partial Summary Judgment.

Doc. 137 at 1. Defendants respond that Plaintiff's motion does not adequately establish the "exceptional or extraordinary circumstances" standard that is necessary to justify the filing of a surreply. Defendants contend that their reply brief does not interject new bases for relief, but rather rebuts Plaintiff's contentions set forth in his response. Defendants further note that Plaintiff's proposed surreply includes additional new evidence and goes "well beyond rebuttal of the purported new arguments in Defendants' Reply." Doc. 140 at 4.

Once a motion is filed, the Local Civil Rules permit a response by the nonmovant and a reply by the movant. *See* Local Civil Rule 7.1 Thus, the movant is entitled to file the last pleading. Surreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter. The court has found that surreplies usually are not that helpful in resolving pending matters, and it only permits filing beyond Local Civil Rule 7.1 in exceptional or extraordinary circumstances. Consequently, a party must not seek leave to file a surreply as a routine matter.

Plaintiff has failed to persuade the court that this is an "exceptional or extraordinary" circumstance warranting a surreply. In reviewing the summary judgment record, the court

**Memorandum Opinion and Order – Page 12**

determines that Defendants' reply properly addresses the contentions raised in Plaintiff's responsive brief without raising new grounds for relief. The court, moreover, has reviewed the motions and, in considering Plaintiff's request and his proposed surreply, does not believe that a surreply will be helpful to the court in resolving Defendants' motion. The court accordingly **denies** Plaintiff's Motion for [L]eave to File Sur-reply to Defendant Nerium's Reply Brief in Support of Partial Summary Judgment (Doc. 137).

## IV. Conclusion

For the reasons herein stated, the court **denies** Plaintiff's Originally Agreed, and Now Opposed, Motion for Leave to File Plaintiff's Fourth Amended Original Complaint and Memorandum of Law in Support (Doc. 101); Plaintiff's Opposed Motion for Continuance to Respond to Motion for Partial Summary Judgment on Copyright Issues, or Alternatively, Motion for Extension of Time to Respond to Defendants' Motion for Partial Summary Judgment on Plaintiff's Copyright Claims (Doc. 125); and Plaintiff's Motion for [L]eave to File Sur-reply to Defendant Nerium's Reply Brief in Support of Partial Summary Judgment (Doc. 137).

**It is so ordered** this 10th day of May, 2019.

Sam A. Lindsay
United States District Judge