IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DENNIS WINDSOR,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-cv-934-L** |
| | § | |
| **JEFF OLSON and NERIUM** | § | |
| **INTERNATIONAL, LLC,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants Jeff Olson and Nerium International, LLC.'s ("Defendants") Motion for Attorney's Fees ("Motion") (Doc. 161), filed November 1, 2019. After careful consideration of the Motion, response, reply, record in this case, and the applicable law, the court **denies** Defendants' Motion for Attorney's Fees (Doc. 161).

**I.    Procedural History**

The court detailed the background history of this action in its Memorandum Opinion and Order of May 10, 2019 ("Order") (Doc. 146) and incorporates it herein as if repeated verbatim. Moreover, the parties have litigated this action at length and are well-acquainted with the underlying issues. The court, therefore, will address only the procedural and background information necessary to rule on Defendants' Motion for Attorney's Fees.

In its Order of May 10, 2019, the court granted Defendants' Motion for Partial Summary Judgment (Doc. 110) with respect to Plaintiff Dennis Windsor's ("Plaintiff") claims for copyright infringement, breach of contract, fraudulent inducement/fraud, promissory estoppel, unjust enrichment, and declaratory relief relating to these claims, and dismissed these claims with prejudice. The court also granted in part and denied in part Plaintiff's Motion for Summary

**Memorandum Opinion and Order – Page 1**

Judgment (Doc. 115) with respect to Defendant Nerium's counterclaims for trade secret misappropriation under the Defend Trade Secrets Act ("DTSA") and the Texas Uniform Trade Secrets Act ("TUTSA"), for breaches of fiduciary duty and duty of loyalty, conversion, and declaratory relief relating to copyright ownership over the works at issue in this action. Specifically, the court granted Plaintiff's summary judgment motion with respect to Nerium's counterclaim seeking a declaration that it has a copyright ownership in the alleged works and denied Plaintiff's motion with respect to Nerium's counterclaims seeking a declaration that it has not infringed on the alleged works, that Plaintiff has no valid copyright in the alleged works, and that, alternatively, Nerium had an implied license to use the works. After the court's summary judgment rulings, the only remaining claims were Defendants' counterclaims under the DTSA, the TUTSA, breaches of fiduciary duty and duty of loyalty, and conversion. On August 19, 2019, the court granted the parties' Agreed Injunction (Doc. 158), which resolved all remaining claims.

On November 1, 2019, Defendants' Motion for Attorney's Fees (Doc. 161) was filed, and they sought $489,481.32 in attorney's fees[1] pursuant to the Copyright Act, 17 U.S.C. § 505. Plaintiff filed a response (Doc. 166) on December 13, 2019, and Defendants filed a reply (Doc. 170) on January 9, 2020.

## II.  Legal Standard – Attorney's Fees Under the Copyright Act

The Copyright Act provides that a district court "may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. In providing guidance and expanding *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), which sets forth the initial standards for

---

[1] In their Motion, Defendants seek $483,816.32 in initial attorney's fees. They also requested $5,665, as reasonable and necessary attorney's fees in the event Plaintiff opposed the motion and a reply brief was warranted. Since Plaintiff filed a response, the court includes the additional $5,665 in the total calculation for requested attorney's fees.

**Memorandum Opinion and Order – Page 2**

awarding attorney's fees in copyright cases, the Supreme Court stated the following in *Kirtsaeng v. John Wiley & Sons, Inc.*:

> [T]his Court recognized [in *Fogerty*] the broad leeway § 505 gives to district courts—but also established several principles and criteria to guide their decisions. The statutory language, we stated, clearly connotes discretion, and eschews any precise rule or formula for awarding fees. Still, we established a pair of restrictions. First, a district court may not award[] attorney's fees as a matter of course; rather, a court must make a more particularized, case-by-case assessment. Second, a court may not treat prevailing plaintiffs and prevailing defendants differently; defendants should be encouraged to litigate [meritorious copyright defenses] to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement. In addition, we noted with approval several nonexclusive factors to inform a court's fee-shifting decisions: frivolousness, motivation, objective unreasonableness[,] and the need in particular to advance considerations of compensation and deterrence. And we left open the possibility of providing further guidance in the future, in response to (and grounded on) lower courts' evolving experience.

136 S. Ct. 1979, 1985 (2016) (internal citations and quotation marks omitted). The Supreme Court further observed "that § 505 grants courts wide latitude to award attorney's fees based on the totality of circumstances in a case." *Id.*

In further explaining the discretion of the district court, the Supreme Court stated: "[I]n a system of laws[,] discretion is rarely without limits. Without governing standards or principles, such provisions threaten to condone judicial 'whim' or predilection." *Id.* Moreover, "[A] motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles." *Id.* (citations omitted).

Defendants argue that an award of attorney's fees to the prevailing party in copyright cases is "the rule rather than the exception and should be awarded routinely." Defs.' Mot. 8 (citing *Crenshaw Media Grp. LLC v. Davis*, No. 3:17-CV-2204-N, 2018 WL 3496473, at *3) (N.D. Tex. July 20, 2018) (quoting *La. Contractors Licensing Serv., Inc. v. Am. Contractors Exam Servs. Inc.*, 594 F. App'x 243, 244 (5th Cir. 2015) (additional string citations omitted)). In light of the language in *John Wiley*, however, the Fifth Circuit and district court cases cited by Defendants to support

the notion that attorney's fees should be routinely awarded have limited utility and vitality given the plain and unequivocal statement in *John Wiley* that attorney's fees are not to be awarded "as a matter of course." 136 S. Ct. at 1985.[2] Thus, based on the principles outlined in *Fogerty* and reinforced in *John Wiley*, the court will consider the "frivolousness, motivation, objective unreasonableness[,] and the need in particular to advance considerations of compensation and deterrence" before awarding or denying Defendants' attorney's fees. *Id.* (citing *Fogerty*, 510 U.S. at 534 n.19).

### III. Discussion

#### A. Whether Plaintiff's Claims were Frivolous, Brought with Improper Motivation, or Objectively Unreasonable

The first three factors the court considers in determining whether Defendants are entitled to attorney's fees are whether the claims brought by Plaintiff under the Copyright Act were frivolous, brought in bad faith, or objectively unreasonable. The parties rely on the same or similar arguments in support of these factors, so the court will consider them together.

With regard to these factors, Defendants assert that Plaintiff's claims were frivolous and objectively unreasonable[3] because "Windsor held no registration for eight of his ten purportedly Copyrighted Work Products at the time he filed suit[,]" and "[h]e knew or should have known that a valid registration is a prerequisite to filing suit for copyright infringement under 17 U.S.C. § 411(a)." Defs.' Mot. 5. Additionally, they assert that Plaintiff attempted to hide the deficiencies of his claims from them, which led them to file a motion to compel to seek specificity as to the registered works upon which Plaintiff's claims were based. They further contend that although Plaintiff sought to dismiss his copyright claims later in this action, he sought to dismiss them

---

[2] The cases cited by Defendants rely on cases that predate the Supreme Court's decision in *John Wiley*.
[3] Defendants do not argue that Plaintiff brought this suit with an improper motivation.

without prejudice and only after significant time was spent conducting discovery. For these reasons, Defendants assert that Plaintiff's claims were both frivolous and objectively unreasonable.

In Plaintiff's Response (Doc. 166), he contends that his claims were not frivolous or based on improper motive. Specifically, he maintains his assertion that "he was the copyright holder or at the very least a co-author of the Allegedly Copyrighted Works[,]" and, thus, his claims are not frivolous. Pl.'s Resp. 11. Moreover, Plaintiff asserts that it is undisputed that "at the time that [he] was developing, designing and creating the Allegedly Copyrighted Works that [he] was a 1099 independent contractor, and[,] therefore, the works were not prepared by an employee within the scope of his or her employment." *Id*. at 12. Accordingly, Plaintiff asserts that "there was never a work for hire agreement" between the parties, and, thus, "it was reasonable for [him] to believe that he was the rightful copyright holder of the Alleged Copyrighted Works." *Id.* Moreover, he highlights that he also sought, in the alternative, a declaratory judgment that he was at least the co-author of the works at issue.

Plaintiff further asserts that his claims were not brought with improper motivation, which he contends is demonstrated by his good faith attempt to mediate and willingness to no longer pursue his copyright claims once he learned about the registration issues. Nonetheless, he contends that "he was the author and rightful copyright holder[,]" and his statements to pursue his claims after seeking a dismissal without prejudice is not improper motive but, instead, evidence of his belief that he was the rightful copyright holder or, at least, the co-author. Pl.'s Resp. 20.

Additionally, Plaintiff contends that although he was not successful on summary judgment, his claims were neither frivolous nor objectively unreasonable, as there were both a factual and legal basis for claiming that he was the rightful copyright holder or, at minimum, a co-author of

the works at issue. Plaintiff, therefore, contends that for these reasons his claims were not frivolous, brought with improper motivation, or objectively unreasonable.

In their Reply (Doc. 170), Defendants reassert the position they asserted in their Motion but also contend that the frivolousness and objective unreasonableness of Plaintiff's claims are "established by this Court's summary judgment opinion[,]" and the fact that "he could not even raise a genuine issue of material fact to support those claims." Defs.' Reply 5. They further contend that despite the "fundamental flaws in [Plaintiff's] copyright claims, [he] continued to press forward to the end," and his unwillingness to concede that his claims lacked merit caused them to litigate until the end. Defs.' Reply 6.

The court finds Defendants' position unavailing for several reasons. First, while the Copyright Act, 17 U.S.C. § 411(a), provides that a valid registration is a prerequisite for filing a copyright infringement action, failure to meet such prerequisite does not automatically deem a claim frivolous. A claim is frivolous "if it lacks an arguable basis in law or fact," and it "lacks such a basis if it relies on an indisputably meritless legal theory." *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001) (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)). Defendants fail to demonstrate how failure to register alone made his claims frivolous or objectively unreasonable. Moreover, they do not attack Plaintiff's assertion or belief that he was a rightful copyright holder or, at least, a co-author of the works at issue, and, thus, the court finds their argument unpersuasive.

Further, other than a conclusory reference to the court's opinion on the summary judgment motions, Defendants provide no support as to how that opinion deemed Plaintiff's claims frivolous, as nothing in the court's opinion stated that Plaintiff's claims were frivolous or objectively unreasonable solely because of his inability to establish a genuine dispute of material fact. Moreover, Defendants' argument that they should be awarded attorney's fees solely because they

prevailed on summary judgment is fundamentally flawed, as such approach would necessarily deter parties from pursuing litigation, even if they have a reasonable basis, for fear of having to pay a huge attorney's fee award if they are ultimately unsuccessful on the merits of their claims. Further, if the decision to award attorney's fees depended *solely* on a party prevailing, attorney's fees would be routinely awarded, which would eliminate the discretion of the court and contradict the principles set forth in *Fogerty* and *John Wiley*. Also, as Plaintiff notes, his lack of success on summary judgment does not make his claims frivolous or objectively unreasonable by default, and Defendants provide no evidence or authority to the contrary.

As the Supreme Court aptly stated in *John Wiley*:

> Courts every day see reasonable defenses that ultimately fail (just as they see reasonable claims that come to nothing); in this context, as in any other, they are capable of distinguishing between those defenses (or claims) and the objectively unreasonable variety. And if some court confuses the issue of liability with that of reasonableness, its fee award should be reversed for abuse of discretion.

136 S. Ct. at 1988 (footnote omitted). Accordingly, the approach Defendants suggest that the court take directly contravenes the precedent established by the Supreme Court in *John Wiley*. In accordance with *Fogerty* and *John Wiley*, and based on careful review of the record and consideration of the parties' arguments, the court determines that Plaintiff's claims were not frivolous, brought in bad faith, or objectively unreasonable, as little, if any, evidence in the record supports Defendants' arguments.

The court, therefore, determines that Defendants have failed to demonstrate that the first three *Fogerty* factors apply in this action and, thus, have failed to support their request for attorney's fees under the Copyright Act. Further, the court determines that these *Fogerty* factors weigh against an award of attorney's fees. The court, however, will briefly address the fourth factor: the need to advance considerations of compensation and deterrence.

### B. The Need in Particular Circumstances to Advance Considerations of Compensation and Deterrence

With regards to the last *Fogerty* factor—the need in particular to advance considerations of compensation and deterrence—Defendants assert that they were forced to defend against claims that Plaintiff had no chance of winning, and they contend that "no chance of winning" supports this factor and warrants an award of attorney's fees to them. In response, Plaintiff contends that "[c]onsiderations of compensation and deterrence under the Copyright Act are inextricably intertwined with the reasonableness or frivolousness of the parties' positions and their motivations in litigating the dispute." Pl.'s Resp. 22. Accordingly, he asserts that this factor fails because his position was not frivolous, or brought in bad faith or with improper motivation. Additionally, he contends that the policy considerations of the Copyright Act weigh heavily against Defendants' request for attorney's fees and, that awarding such fees in this case would "not deter future bad faith filings" but instead could deter the assertion of legitimate claims. *Id.* at 24. Thus, Plaintiff argues that the considerations of compensation and deterrence weigh in his favor, and, accordingly, the court should deny Defendants' Motion. The court agrees with Plaintiff.

The crux of Defendants' argument is that they were forced to defend against Plaintiff's claims despite his knowledge that he did not meet the prerequisites to bring a copyright infringement claim. This alone is speculative and without merit, as Plaintiff was entitled to engage in discovery to determine the vitality of his claims and determine whether to proceed. Further, Defendants provide no evidence as to how an award of attorney's fees in this case would deter the filing of unmeritorious copyright claims when Plaintiff's claims did not lack merit merely because he did not comply with a prerequisite. The purpose of awarding attorney's fees to the prevailing party under the Copyright Act is to deter bad faith filings and vexatious litigation, none of which— as discussed earlier in this order—is at issue in this action. Thus, the court determines that the

need for compensation and deterrence of future unmeritorious suits would not be served by an award of attorney's fees in this action. Accordingly, the court determines that the final *Fogerty* factor also weighs against an award of attorney's fees in this matter. As all *Fogerty* factors weigh against the award of attorney's fees, Defendants' Motion for Attorney's Fees (Doc. 161) will be denied.

## III. Conclusion

For the reasons herein stated, the court determines that the *Fogerty* Factors weigh against an award of attorney's fees to Defendants in this action. Accordingly, the court **denies** Defendants' Motion for Attorney's Fees (Doc. 161). As all claims have been resolved, and no issues remain in this action, the court will issue judgment by separate document as required pursuant to Federal Rule of Civil Procedure 58.

**It is so ordered** this 27th day of March, 2020.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge